THE PEOPLE *ex rel.* C. E. Landers, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

TAXES—*what is not necessary to validity of an additional road tax under amended section 14 of Roads and Bridges law.* It is not necessary to the validity of an additional road tax under section 14 of the Roads and Bridges act of 1911, that the certificates of the highway commissioners shall give reasons which are special as distinguished from ordinary maintenance of roads and bridges.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

GEORGE B. GILLESPIE, (R. J. CARY, HILL & BULLINGTON, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

HARRY C. STUTTLE, State's Attorney, and HARRY L. BALLARD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

We are called upon in this case to decide upon the sufficiency of certificates made by the commissioners of highways of the towns of East Fork, Hillsboro and Butler Grove, in Montgomery county, to the boards of town

auditors and assessors of their respective towns, asking for additional levies of twenty-five cents on each $100 of taxable property. The county court of that county regarded the certificates as sufficient, overruled objections to the taxes and rendered judgment accordingly.

In the town of East Fork the commissioners certified that a greater levy than thirty-six cents on each $100 of taxable property was needed for the reason that they were laying out and improving a new road east of New Boston, and they asked for an additional levy of twenty-five cents on each $100. The board of town auditors and assessor consented to the additional levy, stating the same reason in their consent. In the town of Hillsboro the certificate of the commissioners was that a greater levy was needed for the reason that they were laying out and improving a new road south of Taylor Springs. They asked for an additional levy for that reason, and the board of town auditors and assessor consented.

In Butler Grove the commissioners of highways certified to the board of auditors and assessor as the reason for asking for an additional levy, that the levy of thirty-six cents allowed by law was insufficient to maintain the roads and bridges of the town, and the consent given by the board of auditors and assessor stated the same reason. It is argued that the certificates were not sufficient because they did not give reasons which were special as distinguished from the ordinary maintenance of roads and bridges. This court has decided in a number of cases submitted at the same term as this one, that certificates of the same character as these comply with the law.

*Judgment affirmed.*